Mr. Andrews, you may proceed. Thank you, Chief Judge Sykes. Good afternoon, and may it please the Court, Damon Andrews with the petitioner Javier Reyes. With the Court's permission, I'd like to reserve three minutes for rebuttal. That's fine. In United States v. Davis, the Supreme Court held that Section 924C's residual clause is unconstitutional, leaving only the force clause to define the crime of violence. This Court, in turn, has held that conspiracy does not have as an element the use, attempted use, or threatened use of physical force, meaning that it does not satisfy the force clause and cannot be a 924C predicate offense. The District Court, however, instructed the jury on 924C guilt with conspiracy as the predicate offense, and this was error. And to be sure, it was not the District Court's fault. Reyes's trial was a decade before Johnson, and then after that we had Welch, Beckles, DeMaia, and finally Davis in 2019, so the trial was 14 years before Davis. But that is irrelevant because Davis applies retroactively. The government disputes a number of points in Reyes's brief, but not that one. And in fact, the government has told appeals courts across the country, including this Court, that Davis is retroactive. In light of the error, in light of the prejudice, and in light of the retroactivity, this Court should vacate the denial of relief and remain with an instruction to vacate Reyes's 924C conviction. As to be anything, part of what we're being told by the government is that if you look at the instructions as a whole, the problem that you're basing from the Pinkerton instructions is cured. I'm looking in particular at the instruction on Appendix 61, which looks like the 924C instruction. Do you have a problem with the 924C instruction there? So with that particular instruction on page 61, Mr. Reyes is not mounting a challenge to that, but we think that instruction actually underscores the error in the instructions. Now, that instruction says that if the brandishing was during and in relation to robbery of the credit union, and on 56 it says twice in two paragraphs, in furtherance of and as a foreseeable consequence of the conspiracy. So on one hand, we have during and in relation to the robbery, and on the other, in furtherance of the conspiracy. And Reyes should still prevail here because where there are two instructions that are contradictory, that still amounts to constitutional error. And that's the Sorek case we cited in our brief from this court. It's Yates from the Supreme Court. And in U.S. v. Fernandez, which is from the First Circuit, not in the brief, but I want to get the citation on the record here, 722F3-1, the court said, although other parts of the The fact remains that the jury was confronted with flatly contrary instructions. And I think that's exactly the case here where you have one instruction saying during and in relation to a robbery, convict for count three, and the other instruction saying twice in furtherance of the conspiracy, convict for count three. And I think those are opposed instructions, and again, I think Reyes should still prevail under the law from this court and the Supreme Court, given that there are two alternative theories of liability, one of which is invalid. And I think it's worth noting that each of the instructions, sorry, each of the count, sorry, go ahead, Your Honor. Excuse me. If you're right on the merits here and the procedural obstacles drop away because they weren't raised before, what's the remedy? As I understand it, Mr. Reyes has shown significant rehabilitation and he's out of prison now, right? That's correct, Your Honor. Let's imagine these circumstances with a more recalcitrant defendant. Would the remedy be a full resentencing or potential new trial on the 924C charge? I think a potential new trial on the 924C charge would be the remedy, particularly in this case here, where the evidence shows that it's far from certain that Mr. Reyes would have been convicted under 924C with the proper instruction. What about just a sentencing on the conspiracy and robbery charges? I think that certainly is a start, although the conviction would then still remain on the record. And I think that there is no challenge from the government to mootness just because he has been released. I think it's the conviction we're concerned that which the Supreme Court has said that there's a presumption of the collateral consequences that come with a wrongful conviction. So the relief here would be to vacate the denial from below and to remain with an instruction to vacate the conviction. And then the government can do what it will at that time if it seeks to retry him. It certainly has that prerogative with the constitutional instruction on the 924C charge. Thank you. And I do want to point out with the instructions, with the instruction you mentioned on page 61, is that each of the counts in the instructions has an instruction that begins, to sustain a charge, the government must approve X, Y, and Z. For conspiracy, it's appendix 55. For the bank robbery, it's appendix 59. And for 924C, it's appendix 61. The challenge instruction on page 56 comes in what I'll call the conspiracy set of instructions. And it is the only instruction in all the jury instructions that directs liability for other counts. Again, this is an instruction coming immediately after the definition of conspiracy, directing liability for other counts. And, again, we think that is just only reinforces the error here that the jury was presented with alternative theories of guilt. And, therefore, even if there is no error with the appendix page 61, we should still prevail on that. Briefly to prejudice, I see that I'm out of time, so I'll reserve the rest of my time for rebuttal. That's fine. Thank you. It's on mute. Bonamici. Oh, you're still on mute, Bonamici. You're on mute. So sorry. Don't worry. Yes. Okay. Thank you so much. May it please the court, Deborah Bonamici on behalf of the United States. The Supreme Court's decision in Davis provides the defendant with no basis for relief here for a number of reasons. But the most fundamental one is that Davis has no application to this case because the defendant was charged and convicted of committing a 924C offense that was predicated on the robbery of the Waco Credit Union in violation of the federal bank robbery statute, which as defendant concedes constitutes a crime of violence under 924C's elements clause. The Davis decision had no impact on such offenses. Defendant's argument that rests on the claim that the Pinkerton instruction provided to the jury effectively substituted count one for count two as a predicate crime for 924C is unsupported by the record. As Judge Hamilton pointed out, the elements instruction provided to the jury expressly predicated the 924C charge or conviction on the 924C charge to a single crime, the credit union robbery charged in count two. The indictment mirrored that same language. This is a case where both the indictment and the elements instructions made crystal clear to the jury that a violation of 924C or the charge violation of 924C on this count rested or must rest, needed to rest on a finding that the firearm was brandished in context of the robbery charged in the indictment. The defendant's theory here about how Pinkerton's instruction could have been misunderstood is really, it doesn't make a lot of sense because the conspiracy in question would be just in terms of applying the Pinkerton instruction to 924C would necessarily relate to the 924C offense. So the argument or the jury was instructed that in order to find the defendant guilty, even on a Pinkerton instruction, it must find that defendant's co-conspirators committed the crime. So it doesn't necessarily require that they did that by brandishing the firearm in the context and in furtherance of the robbery. So there's no way that the robbery offense is somehow substituted out, which is what would be required here. Even if there's an argument to be made, and we don't think there is, but even if there's an argument that the jury might have thought that the conspiracy was an additional basis for liability, that is an additional predicate that it could use, which we don't think is accurate, that would in no way suggest that the jury would not have also thought that the robbery was a proper predicate. I mean, it's a very complex and convoluted way of thinking that defendant proposes that is the only way that the jury could have been misled in this case. The Pinkerton instruction did not and could not have overridden all of the other instructions given to the jury, most notably the elements instruction in a manner that substantially and significantly overrides the evidence. So that's just not doable. We also argue, and I think the record is also convoluted procedurally, and it's not at all clear to us, and we think that it's true that this argument with respect to the jury instructions is not even properly before the court. As discussed in the brief, we don't have to go through the entire procedural analysis to make this clear, but the argument that's made here, really the only one, the one that defendant presses on appeal here is the argument that relates to the jury instructions, an argument that was not raised until after the district court had denied defendant relief on his second successive 2255 motion. It's an argument that was not authorized by this court. It's an argument that was not raised in the district court or on appeal, and nor was, by the way, the 924C conviction challenged in the district court or on appeal or even in the first 2255. The argument with respect to the jury instructions was also not raised in the second 2255, but rather only in a post-ruling decision. The only reason that we're here at all is that the district court, without giving the government an opportunity to comment on the new claim that was made by the defendant, issued a COA, which sent this issue up to the court. The district court never did rule on this argument about the jury instructions, so there's really nothing before the court for the court to review on this issue. There were a number of procedural anomalies in this case, including from this court, so it may make sense to do mea culpa on the part of all levels of the judiciary and reach the merits here. There were mixed signals that were sent and procedural misfires that can be attributable to pretty much everybody in this case, the parties and all courts that have touched it. That I would agree with, Your Honor, but I do think that that applies specifically to a challenge to the 924C conviction that was raised. That is not the same as this jury instruction question. The jury instruction question was not raised until relief was denied on the 924C. Relief was denied on the 2255 in its entirety. The court reviewed the arguments that had been made. The district court reviewed the arguments that were made in support of the 2255 motion, including the ones that were raised in the abridged motion, which was the challenge to the 924C, and then the court selected to rule specifically or to base its ruling on the one argument that had been authorized by the court. But yet, again, this argument about the jury instruction wasn't even made before that ruling was issued. It was only made after. After the decision was made, after Davis came out, and it was not the subject of any order or ruling or discussion of the issue by the district court. So I think that's the thing. The judge issued the substantive ruling in the context of granting a CA, as I understand it? Yes. Well, no. The judge did not address it. The judge said, I mean, the judge, what the judge said was that I don't think that Davis provides any basis for relief here, but I'm going to grant, but Davis is a new rule, and it hasn't been litigated very much. I'm going to grant a certificate of appealability on both issues. The initial issue raised by the defendant, which was the claim that was basically nullified by Beckles, and the claim that's made here that challenges the 924C. Okay. For all of these reasons, Your Honor, and the reasons laid out in our brief, the government requests that this court affirm the district court's decision denying relief in this case. All right. Thank you very much. Mr. Andrews. A few points in rebuttal, Your Honor. On the procedural issue, the government had two opportunities to raise this, both in response to the abridged petition and in response to Mr. Reyes's submission in light of Davis, and didn't once raise that the challenge to the conviction was not properly before the court. And for all the reasons we explained in Part 2 of the reply brief, the court can and should reach the merits. And in all events, even if Mr. Reyes needed separate authorization, as the Fourth Circuit in McDonald did, the court can and should grant that authorization here and now. The district court has already indicated how it would rule on the issue, and by all accounts, the government does not dispute that Davis is retroactive and would meet the test for prefiling authorization. I want to return to prejudice and the government's argument about what was the predicate offense here. And there's a case from the Sixth Circuit, not in our brief, but again, I want to get it in the record, U.S. v. Henry, a decision by Judge Sutton, 797 F3rd 371. And it's very, very similar to this case, as is Armour from this court. And in Henry, that was an aiding and abetting case, and the court reversed due to what the defendant knew about the conspiracy that he was alleged to aid and abet in, and the court said that there might be some evidence he had advanced knowledge that his colleague planned to use a firearm in the robbery. Maybe so, but the question is whether there's a reasonable probability the jury would not have inferred the advanced knowledge if given the proper instructions. And so I think, again, here, the issue is we're not challenging the conspiracy, we're not challenging the bank robbery, but in light of that instruction saying, in furtherance of the conspiracy, which is identical to 924, which says, in furtherance of the crime of violence, there's a reasonable probability in light of the evidence we've shown in the brief that Mr. Reyes did not believe a firearm was necessary, that one of the co-conspirators testified, in fact, he was not convicted of bank robbery, I'm sorry, pleaded guilty to bank robbery. He only pled guilty to conspiracy and the brandishing charge under 924C. It should be left to a jury to determine whether there is sufficient evidence to convict Mr. Reyes under 924C, and I'll direct your court again to the Armour decision, Judge Hamilton that you wrote and Judge Sykes that you joined, the Cates decision from this court as well. Mr. Andrews, I'll just interrupt to say what some of our colleagues always remind me, it doesn't matter who wrote opinions for the court. Of course, and I've read Judge Easterbrook's comments on that, so of course, Your Honor. They're the comments of the court on that subject. Sure, sure. I'd also direct Your Honors, yeah, I see that amount of time. I did just want to get on the record, very, very briefly, Your Honors, two other decisions that I urge the court to look at. One is United States v. Prado, 815F3rd93, discussing advanced knowledge of use of the reversing 924C conviction due to jury instructions that were erroneous. And so for all the reasons we have in the briefs, we respectfully request that you vacate the denial of relief and remain with an instruction to vacate the 924C conviction. Thank you very much. Our thanks to both counsel and the cases taken under advisement.